### UNITED STATES of America
v.
### Albert OBERMAN (also known as Al Lawrence), Paustal Leaver Ledbetter (also known as P. L. Ledbetter).
### No. 1610.

United States District Court
W. D. North Carolina,
Charlotte Division.
Jan. 25, 1963.

William Medford, U. S. Atty., Robert J. Robinson, James O. Israel, Asst. U. S. Attys., Asheville, N. C., for plaintiff.

Joseph J. Lyman, Washington, D. C., Sol Levine, Guy T. Carswell, Charlotte, N. C., for defendants.

WARLICK, District Judge.

This is a criminal action in which the defendant Oberman along with his co-defendant Paustal Leaver Ledbetter, are charged with having violated Title 18 U.S.C.A. § 1010, by a bill of indictment charging that the defendants for the purpose of obtaining a Federal Housing Administration (hereinafter referred to as FHA) insured loan, uttered and published as true FHA Title I Credit documents knowing at the time that said documents were false and fraudulent in that *none* of the proceeds of the loan were to be used for the purposes as stated in the loan documents. The bill of indictment contained one count and involved a transaction conducted between the defendants and Howard Kee and wife, Bivian Kee. The indictment was returned in November, 1961, by the Grand Jury at Asheville; trial of the matter was had at Charlotte on October 2, 1962. The defendants, through their respective counsel, entered pleas of not guilty; executed proper waivers of their right to trial by jury,—leaving the determination of their guilt or innocence to the Court. Upon commencement of the trial the witnesses at the defendant Oberman's request were segregated until the completion of their testimony.

At the conclusion of the evidence, the defendant, Albert Oberman, through his counsel, entered a request that the Court find the facts specially, as is set forth in Rule 23(c) of the Federal Rules of Criminal Procedure. Pursuant to such request the Court makes the following general and special findings of fact.

### GENERAL FINDINGS OF FACT

The Court finds the defendant Albert Oberman, guilty as charged in the bill of indictment. His co-defendant, Ledbetter, was likewise adjudged guilty, but entered no appeal from such verdict and judgment.

### SPECIAL FINDINGS OF FACT:

#### 1.

That during the year 1958, Howard Kee and wife, Bivian Kee entered into an agreement with defendant P. L. Ledbetter for the construction of a dwelling house at 430 Ross Road, Concord, North Carolina; that the total cost for construction of the house was $5,100.00; with the Kees agreeing to pay Ledbetter $500.00 cash as a down payment on the house; it being intended that the remainder be obtained by borrowing from the Citizens Building and Loan Association; that thereafter it was found that only $3,500.00 could be borrowed from such Building and Loan Association and defendant P. L. Ledbetter therefore agreed to accept a second mortgage from the Kees for the remaining balance of $1,100.00; thereafter on July 16, 1958, the Kees executed two promissory notes and two deeds of trust to the defendant Ledbetter (Defendant Ledbetter's Exhibits Nos. 1 & 2) with the total principal on said notes being $1,232.00; that the defendant Ledbetter subsequently made demand for a payment on the notes; and following these demands and on or about January 16, 1960, Howard Kee went to the defendant Ledbetter's home and discussed with him the matter of Ledbetter signing a bank note with the Kees in order that the second mortgage held by defendant Ledbetter could be paid off and so that the Kees could have additional money to pay some medical bills; that at such meeting the defendant, Albert Oberman, who was then known as Al Lawrence, was present.

#### 2.

That the defendant Oberman, alias Al Lawrence, entered the conversation between Howard Kee and defendant Ledbetter and stated that he could take care of obtaining the loan to pay off the second mortgages and that he and defendant Ledbetter would draw up the papers; that the following night the defendant

Ledbetter brought the loan documents to the Kee residence; that the documents consisted of an FHA Title I Credit Application for Property Improvement Loan (Government Exhibit No. 1), a contract for repairs to the Kee house (Government Exhibit No. 2) and a promissory note payable to the order of the First Union National Bank of North Carolina, Charlotte, North Carolina (Government Exhibit No. 3); that the FHA Credit Application was signed by Howard Kee and wife, Bivian Kee; and that the contract was signed by defendant Ledbetter and Howard Kee and wife, Bivian Kee; and the promissory note was signed by Howard Kee and wife, Bivian Kee; that at the time these documents were signed the contract contained these express provisions: "Install hot water heater 30 gallon, bath tub 5 feet hardwood floor, 3 rooms sanded and finished. Cover kitchen rubber tile. Celotex 4 rooms and Paint. Build back porch 8 x 10 screen in. Aluminum screens on all windows. Cover cabinet top with formica and bathroom floor with rubber tile." that at the time this contract was signed all of the repairs stated therein had previously been done by the defendant Ledbetter when he originally constructed the house approximately eighteen months before; that the FHA Title I Credit Application stated the net amount credit required to be $2,300.00; that the defendant Ledbetter and the defendant Oberman well knew and intended that the loan proceeds were to be applied to the satisfaction of defendant Ledbetter's second mortgage and that $750.00 would be given to the Kees for the payment of doctor bills, drug store bills and other past due bills; that the defendant Ledbetter and the defendant Oberman both well knew at that time that the credit application and attached documents were false in that none of the loan proceeds were to be used by the Kees for home improvements and that both defendants well knew and intended at that time that the loan documents would be submitted to the FHA for insurance.

3.

Howard Kee was aware that the loan was coming from the First Union National Bank, but he was not aware that it was to be a Title I FHA loan until he was so informed by defendant Ledbetter at a later time.

4.

That the loan documents were presented to the First Union National Bank of North Carolina, Charlotte, North Carolina for the purpose of obtaining an FHA Improvement Loan; that upon any type of FHA Improvement loan, whether dealer loan, direct loan or any type of loan, it is the policy of the First Union National Bank of North Carolina to know the purpose of the loan with regard to the improvements which are to be made; that based upon statements appearing in said credit application and attached documents, including the attached contract (Government Exhibit No. 2) and Promissory Note (Government Exhibit No. 3), the bank issued its check in the amount of $2,300.00 payable to Mr. or Mrs. Howard Kee for loan proceeds. (Government Exhibit No. 4).

5.

That a few days after the bank issued its check, the defendant Oberman brought the check to the Kee home and requested that Mrs. Kee endorse it; that Mrs. Kee was reluctant to endorse the check since the amount was greater than was needed or intended to pay off the mortgage plus $750.00; However she finally endorsed the check and gave it to the defendant Oberman; that the defendant Oberman left with the check and returned a short time later and gave to Mrs. Kee $750.00 in cash; that Mr. and Mrs. Kee took the $750.00 and paid doctor bills, drug bills and other debts which they owed; that subsequently Mrs. Kee went to the home of Defendant Ledbetter and obtained from him the second mortgage papers marked "paid in full"; that all of the $2,300.00 obtained by the FHA Title I Improvement Loan was used to pay off

the second mortgage held by the defendant Ledbetter and to pay debts owed by the Kees; that none of the proceeds of the loan were used to make improvements on the home belonging to the Kees as such had been done when the house was originally built by Ledbetter; that thereafter the $2,300 check which had been delivered by the defendant Oberman and endorsed by Mrs. Howard Kee was, in the regular course of business, deducted from the First Union National Bank Funds and paid.

**6.**

That the First Union National Bank of North Carolina, Charlotte, North Carolina, after issuing its check for the loan to the Kees submitted the transaction to the FHA and the loan was insured by it; that subsequent to September 2, 1960, Howard Kee and wife, Bivian Kee, defaulted in payments to the First Union National Bank and the bank forwarded the note to the FHA and made claim under its insurance for payments; that upon this claim the FHA paid to the First Union National Bank of North Carolina the sum of $1,867.78.

After hearing the evidence from which the foregoing facts are specially found, as requested by the defendant Oberman and following the argument of counsel, the undersigned to whom the facts had been submitted under Rule 23, adjudged each of the defendants guilty as charged, and after hearing counsel with regard to punishment and according to the defendants the opportunity to speak in their own behalf, under Rule 32(a), the judgment as against the defendant Oberman was "That he be imprisoned in such institution as may be designated for a period of two years,—this sentence of two years is to run concurrent with the four years sentence heretofore imposed in Criminal Action # 1609, heard at this term, and not consecutive. The two sentences will run together."

The defendant was allowed to remain at liberty under the appearance bond executed by him and his sureties in Criminal Action # 1609.